UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>D. WOODFILL, et al.,<br><br>    Defendants. | No. 2:20-cv-0205 KJM AC P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF No. 9. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

| | |
|---|---|
| 1 | exceptional circumstances that would warrant a request for voluntary assistance of counsel. |
| 2 | In this case, plaintiff has been denied leave to proceed in forma pauperis, ECF No. 8, and |
| 3 | has yet to pay the filing fee. Since this case will not proceed until plaintiff has paid the filing fee, |
| 4 | appointment of counsel is not warranted. |
| 5 | Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of |
| 6 | counsel is denied. |
| 7 | DATED: March 31, 2020 |

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE