UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-cv-0205 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. WOODFILL, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested an extension of time to file objections as well as appointment of both counsel and an interpreter.

    Plaintiff requests an unspecified extension of time to file objections to Findings and Recommendations. ECF No. 13 at 1. It is unclear from the motion whether plaintiff is seeking an extension of the time to object to the April 20, 2020 Findings and Recommendations or to extend the re-opened period for objections to the February 3, 2020 Findings and Recommendations. However, based on the date of the motion it appears he is seeking to extend the time to object to the April 20, 2020 Findings and Recommendations. Regardless, the motion will be granted as to both deadlines. Plaintiff shall have until June 1, 2020, to file objections to both the February 3, 2020 and April 20, 2020 Findings and Recommendations.

    With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional

1   circumstances, the district court may request the voluntary assistance of counsel pursuant to 28
2   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
3   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4   "When determining whether 'exceptional circumstances' exist, a court must consider 'the
5   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims
6   *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,
7   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
8   of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
9   most prisoners, such as lack of legal education and limited law library access, do not establish
10  exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In
11  the present case, plaintiff requests counsel on the grounds that he is indigent, illiterate, and does
12  not speak English.  ECF No. 13 at 1.  These circumstances are common to many inmates and do
13  not establish the exceptional circumstances necessary to warrant the appointment of counsel.
14  Furthermore, it is not clear that plaintiff has any likelihood of success in this matter, particularly
15  in light of the fact that he cannot proceed with this case unless he first pays the $400.00 filing fee.

16  Plaintiff has also requested that the court appoint an interpreter, presumably to assist him
17  in interpreting the filings in this action.  ECF No. 13 at 1.  However, "'the expenditure of public
18  funds [on behalf of an indigent litigant] is proper only when authorized by Congress,'" Tedder v.
19  Odel, 890 F.2d 210, 211 (9th Cir. 1989) (alteration in original) (quoting United States v.
20  MacCollom, 426 U.S. 317, 321 (1976)), and plaintiff has not identified, nor is the court aware of,
21  any authority that authorizes the appointment of an interpreter to assist plaintiffs in civil actions.
22  Furthermore, it appears that plaintiff has been able to obtain translation assistance in pursuing this
23  matter.  The request for appointment of a translator will therefore be denied.

24  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion at ECF No. 13 is
25  GRANTED IN PART AND DENIED IN PART as follows:
26  1.  Plaintiff's request for an extension of time is granted.  Plaintiff shall have until June 1,
27  2020, to file objections to the February 3, 2020 and April 20, 2020 Findings and
28  Recommendations;

2. Plaintiff's request for appointment of counsel, ECF No. 13, is denied;

3. Plaintiff's request for appointment of an interpreter, ECF No. 13, is denied.

DATED: May 6, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE