UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-cv-0205 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| D. WOODFILL, et al., | |
| Defendants. | |

By order filed December 16, 2020, this action was dismissed, ECF No. 27, and judgment was entered the same day, ECF No. 28. On January 15, 2021, plaintiff filed a motion for reconsideration and appointment of counsel.[1] ECF No. 29.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citations omitted). Since plaintiff's

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1  motion for reconsideration was filed more than twenty-eight days after the entry of judgment, the
2  motion is considered under Rule 60(b).

> Rule 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like. The Rule concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a judgment for "any other reason that justifies relief." Relief is available under subdivision (b)(6), however, only in "extraordinary circumstances."

Buck v. Davis, 137 S. Ct. 759, 771-72 (2017) (citation omitted).

Plaintiff's motion for relief from judgment is written almost exclusively in Spanish. ECF No. 29. In order to be considered, filings must be in English. To the extent the motion is in English, plaintiff simply re-iterates the arguments he made in his objections to the findings and recommendations (EFC No. 26), which have already been considered and rejected by the court in adopting the findings and recommendations (ECF No. 27). Plaintiff's request fails to demonstrate any mistake, newly discovered evidence, or fraud as required by Federal Rule of Civil Procedure 60(b) and should be denied. Since it is being recommended that plaintiff's motion for relief from judgment be denied and this case remain closed, plaintiff's motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 29, is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for relief from judgement, ECF No. 29, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE